CR 03-94S

10/23/06

Dear Judge Smith,

I'm writing to inform you that i have contacted Mr. Roy in respect of my Argument that i would like presented to the court. And i haven't heard anything in responce. myself and Mr Roy haven't seen eye to eye in the past. So i'm asking please to be appointed new councel. The Argument i'm forwarding is the Argument i would like presented to the court.

Thank you for your time

Sincerly
Antron Russell

Antron Russell
Reg.#05368-070
USP Lewisburg
P.O. Box 1000
Lewisburg, PA 17837

September 18, 2006

To: Edward C. Roy
Federal Defender's Office
10 Weybosset Street
Providence, RI 02903

**RE: United States v. Russell**
**Case Nos. 05-2684 and 05-2803**

Dear Mr. Roy:

I write to inform you of the issues I want you to present to the court for my re-sentencing. Theses are the same issues that we spoke about in the past. They are the following:

1.) Two point enhancement under U.S.S.G. §3C1.2.

In my Pro Se Supplemental Brief filed with the court, I argued that it was a **Blakely** and **Booker** violation to enhance me under §3C1.2 (reckless endangermant during flight). See, Pro Se Brief, at pg.12.

I further argued in the pro se brief that a timely objection had been made by you (Mr. Roy) during my sentencing stating:

> "Given that these were filed in April and May of 2004, obviously pre-Blakely versus Washington, I have a question about the burden of proof. It's my argument to the Court that any enhancement, either two points or three points, has to be proven by evidence of proof beyond a reasonable doubt, not a preponderance of the evidence."

See, Pro Se Supplementat Brief, at pg.13; see also, Sentencing Transcript, August 27, 2004, pg.4, lines 14-21.

The Government agreed that the issue had been preserved under **Booker**. See, First Circuit Court of Appeals Judgment, April 20, 2005

In a worse case scenario — given the court agreed with my position — that the two point enhancement under §3C1.2 was a **Booker** violation, the court could remove the two points placing me at a level 31 with a sentencing range of 188-235 months, and sentence me at the low end of the sentencing range to 188 months. Subsequently, this would result in a 39 month encrease from my previous 151 month sentence.

Again, this is a worse case scenario without the judge considering any other arguments or factors under 18 U.S.S.G. § 3553.

**2.)** Prior conviction enhancements where Russell was not represented by counsel.

At Sentencing, I was placed in catagory VI pursuant to 13 criminal history points. However, 7 of the 13 points attributed to me came from prior convictions where I (Russell) was not represented by counsel. (See, PSI, pg. 5-9) My appeal attorney argued on appeal that the **Almendarez-Torres** exception to the **Apprendi** rule permits the trial court to determine the fact of prior conviction, rather than the jury. Appellate counsel concluded that in light **Blakely**, **Almendarez-Torres** is no longer sound law. This argument was not persuasive.

In my opinion, a more valid argument would be directed at myself not being represented by counsel on the prior convictions. In situations where a defendant was not represented by counsel where prior convictions are concerned, the Supreme Court explicitly noted that for purposes of sentencing in federal court, the district court should refrain from using priors where defendants were tried and convicted without counsel. See, **Custis v. United States**, 128 L.Ed.2d 517 (1994), see also, **Daniels v. United state**, 149 L.Ed.2d 590 (2001)(Individual whose federal sentence is enhanced on basis of prior state conviction, not allowed, after federal sentencing proceedings conclude, to challenge sentence through motion under 28 USCS § 2255, except with respect to a claim of failure to appoint counsel for an indigent defendant.) **Daniels**, at L.Ed.2d 590-91.

If these issues are persuasive before the judge — keeping in mind that the judge wasn't opposed to granting me some relief in these proceedings. These issues would result in a significant decrease in my sentence.

Again, at this time I would like to request to you that theses issues be included in the response to the re-sentencing in the instant case.

Thank you in advance for your time and cooperation. I humbly await your reply.

Sincerely requested,

Antron Russell

Antron Russell

# Affidavit of Antron Russell

I, Antron Russell, hereby depose and swear:

1.) On October 28, 2005, I was sentenced before the Honorable William E. Smith in the District of Rhode Island to 151 months case no.:03-94S.

2.) During sentencing, the Pre-Sentence Investigation (PSI) report used by the court recommend prior conviction points to be attributed to me for prior convictions whereas I was not represented by counsel. They are the following:

a.) January 30, 2001, case no.:61/01-01891. I received 2 criminal history points for this prior conviction.

b.) March 1, 2001, case no.:61/01-09646. I received 1 criminal history point for this prior conviction.

c.) January 5, 2002, case no.:61/02-10195. I received 1 criminal history point for this prior conviction.

d.) October 31, 2002, case no.:61/02-2035. I received 2 criminal history points for this prior conviction.

e.) January 6, 2003, case no.:61/03-09255. I received 1 criminal history point for this prior conviction.

3.) I swear I received 7 criminal history points for prior conviction whereas I was not represented by counsel.

4.) All this information can be confirmed in my PSI prepared for the court for my sentencing.

Antron Russell

Antron Russell

Date: 10/23/06