UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

|  |  |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | Cr. No. 03-094S |
| ) | |
| ANTRON RUSSELL ) | |

**OPINION AND ORDER**

WILLIAM E. SMITH, United States District Judge.

Following conviction and sentencing on drug charges in 2004, Defendant was resentenced two times, once in 2005 and once in 2007. Since his most recent resentencing, Defendant has twice moved pursuant to 18 U.S.C. § 3582(c)(2) to reduce his sentence because of amendments to the United States Sentencing Guidelines (the "Guidelines") that lower the sentencing range for his conviction, even though the sentence he actually received was 8 months lower than the bottom of the new range. The Court denied both motions, but did not set forth its reasons for doing so in a written order. The Court felt at the time that the totality of the record, and the terms of the amendment in question, made it plain that relief was inappropriate. Defendant appealed the second ruling.

The First Circuit has now remanded the case so that the Court can articulate in detail the reasons for refusing to reduce Defendant's sentence. The First Circuit noted that this is not "a case where the district court's reasoning can be inferred by comparing what the parties argued with what the district court

did." United States v. Russell, No. 09-1441 (1st Cir. Sept. 23, 2009). Actually, the basis for the Court's rulings is quite apparent from the totality of the record. The cited amendment was of no use to Defendant. It established a new minimum sentence of 188 months, 8 months higher than his current 180-month sentence. Accordingly, he was clearly not entitled to relief under § 3582 and the Guidelines, which the statute incorporates by reference. Defendant effectively requested an illegal sentence. Thus, if the Court had used the motion to change its mind and go lower than 180 months, it would have been without authority to do so. In any event, the Court once again denies Defendant's motion, and will more fully explain the reasons for its decision below.

## BACKGROUND

In 2004, Defendant pleaded guilty to possession with the intent to distribute more than 50 grams of crack cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A). Defendant stipulated that 233.74 grams of crack cocaine would be attributed to him for sentencing purposes. Pursuant to § 2D1.1(c)(3) of the United States Sentencing Guidelines (the "Guidelines") in effect at the time, the base offense level for this amount was 34. See U.S.S.G. § 2D1.1(c)(3) (2004). At sentencing, the Court imposed a two-level increase in Defendant's offense level because Defendant had endangered the lives of the police officers who arrested him. It also granted a three-level reduction for acceptance of

responsibility, leading to an offense level of 33. (See Sentencing Hr'g Tr., Aug. 27, 2004 ("S1"), at 21:9-16.) Defendant's criminal history category under the Guidelines was VI. (See Presentence Investigation Report, No. CR. 03-094, Apr. 2, 2004, at 9.) This resulted in a sentencing range of 235 to 293 months' imprisonment under the Guidelines. The Court gave Defendant the lowest sentence in that range, 235 months. (See S1 at 21:17-25.)

Two appeals and two resentencings followed. Pursuant to the first appeal, the First Circuit remanded the case for reconsideration in light of United States v. Booker, 543 U.S. 220 (2005), which rendered the Guidelines advisory rather than mandatory. At Defendant's next sentencing hearing in October 2006, the Court reiterated the view stated in its decision in United States v. Perry, 389 F. Supp. 2d 278, 307-08 (D.R.I. 2005), that the 100 to 1 sentencing ratio of crack to powder cocaine built into the Guidelines was unjustified. As the Court discussed in Perry, the United States Sentencing Commission (the "Commission") had determined that the existing crack-powder ratio "exaggerate[d] the relative harmfulness of crack cocaine . . . in comparison to powder cocaine." Id. at 302. The Court therefore substituted a 20 to 1 ratio for the 100 to 1 ratio in the Guidelines. This resulted in a Guidelines range for Defendant of 151-188 months' imprisonment. The Court sentenced Defendant to 151 months. (See Sentencing Hr'g Tr., Oct. 28, 2005 ("S2"), at 24:2-26:18.)

Following the second appeal, in November 2006 the First Circuit again remanded the case for resentencing, this time in light of United States v. Pho, 433 F.3d 53 (1st Cir. 2006). Pho held that district courts could not categorically replace the 100 to 1 ratio of crack to powder cocaine in the Guidelines with a different ratio. Pho, 433 F.3d at 64-65.

Before Defendant was resentenced for the second time, on May 1, 2007 the Commission proposed amendments to the Guidelines. The proposal called for a two-level decrease in the base offense levels for convictions involving quantities of crack cocaine. The concerns cited in Perry about the crack-powder disparity fueled this measure. In its report to Congress, the Commission explained that the disparity "significantly undermine[d] [the] various congressional objectives set forth in" 18 U.S.C. § 3553. U.S.S.G., Supplement to App. C at 229 (Nov. 1, 2008) (discussing the amendments to the Guidelines for crack cocaine offenses); see 153 Cong. Rec. S15131-01 (daily ed. Dec. 11, 2007) (statement of Sen. Leahy) (discussing the Commission's report to Congress).

At Defendant's third sentencing hearing on May 10, 2007, the Court took note of the pending amendment to the Guidelines for crack cocaine. In the Court's view, the proposed amendment, as well as the Commission's history of criticizing the crack-powder ratio, provided "further evidence that the [G]uidelines range in [Defendant's] case is not reasonable." (Sentencing Hr'g Tr., May

10, 2007 ("S3"), at 10:18-23.) Moreover, the Court observed that it possessed "substantial discretion to impose a non-[Guidelines] sentence" under Booker. (See id. at 7:16-8:2.) As a result, the Court was free to "put all of that into the basket" — i.e., the disparity, the Commission's views, and the proposed Guidelines amendment — "and try to figure out what a reasonable sentence is under the advisory [Guidelines] system." (Id. at 11:6-9.) Thus, although Pho required setting the Guidelines range for Defendant's offense back to 235 to 293 months, the Court invoked its authority under Booker to impose a sentence below that in light of the crack-powder disparity.

Nevertheless, the Court took the opportunity to reread Defendant's pre-sentence report, and concluded that the 151-month sentence previously imposed was too low. Three facts struck the Court. First, the quantity of drugs, amount of money, and number of transactions involved in Defendant's conduct showed that Defendant's "role as a dealer [was] somewhat more substantial than other defendants" the Court had seen. (Id. at 20:1-7). Second, although the government had not sought to enhance Defendant's penalty pursuant to 21 U.S.C. § 851 because of prior convictions, it could have done so. The Court did not know, if Defendant were being sentenced in the first instance in 2007, whether the government would "make [the] same decision." (Id. at 20:19-24). Third, the Court found it "disturbing" that Defendant had attempted

to escape arrest in a busy restaurant parking lot. (<u>Id.</u> at 20:25-21:8.) His car struck three police officers, forcing some to shoot at him. Defendant had thus created significant danger to the public.

The Court reflected that it perhaps undervalued these facts when sentencing Defendant in 2005. Upon reconsidering all of the § 3553(a) factors, including the facts of Defendant's offense, and bearing in mind the crack-powder disparity, the Court imposed a sentence of 180 months. (<u>See</u> S3 at 22:13-19.)

Several months later, Congress enacted the proposed amendment to the Guidelines for crack offenses (the "Amendment"). <u>See</u> U.S.S.G. App. C, Amendment 706 (2009). Notably, around the same time, the Supreme Court decided <u>Kimbrough v. United States</u>, 552 U.S. 85 (2007), which effectively overruled <u>Pho</u>. Specifically, <u>Kimbrough</u> held that "the cocaine Guidelines, like all other Guidelines, are advisory only." <u>Id.</u> at 91. The Supreme Court emphasized the Commission's by-then-familiar criticism of the crack-powder disparity, which "produces disproportionately harsh sanctions" for crack cocaine offenses. <u>Id.</u> at 89. Consequently, <u>Kimbrough</u> observed that it would not be an abuse of discretion for a district court to conclude that "the crack/powder disparity yields a sentence 'greater than necessary'" even in ordinary cases. <u>Id.</u> at 575. The Supreme Court recently clarified that <u>Kimbrough</u> permits a district judge to disregard the crack-powder ratio in the

6

Guidelines in favor of "a different ratio which, in his judgment, corrects the disparity." Spears v. United States, -- U.S. ---, 129 S. Ct. 840, 843 (2009). Thus, district courts may "reject and vary categorically from the crack-cocaine Guidelines based on a policy disagreement with those guidelines." Id., 129 S. Ct. at 843-44.

After the Amendment passed, Defendant moved, twice, for a retroactive reduction in sentence pursuant to 18 U.S.C. § 3582(c)(2). Section 3582(c)(2) allows courts to shorten the sentences of defendants serving terms of imprisonment that are "based on a sentencing range that has subsequently been lowered by the Sentencing Commission." 18 U.S.C. § 3582(c)(2) (2009). The Amendment had the effect of decreasing Defendant's offense level from 33 to 31. His new sentencing range was 188 to 235 months' imprisonment, based on his criminal history category of VI.[1] See U.S.S.G., Sentencing Table.

The Court denied both of Defendant's motions. Defendant appealed the Court's most recent order, and the First Circuit vacated Defendant's sentence for a third time and remanded the case. As noted, the First Circuit instructed the Court to identify the grounds for denying Defendant's motion, and, if the grounds

---

[1] When considering § 3582(c)(2) motions, all original "application decisions [under the Guidelines remain] unaffected" other than the amended sentencing range. See U.S.S.G. 1B1.10(b)(1), application note; United States v. Jordan, 162 F.3d 1, 4 (1st Cir. 1998) (discussing commentary to the guidelines and procedures for calculating amended sentencing ranges).

were discretionary, to provide "an explanation of its reasons" for doing so. United States v. Russell, No. 09-1441 (1st Cir. Sept. 23, 2009).

## DISCUSSION

Defendant's motion again must be denied for two reasons that are apparent from the record, the statute, and the Guidelines. First, the Court previously exercised its discretion and lowered Defendant's sentence to mitigate the crack-powder disparity contained in the pre-2007 Guidelines. At Defendant's sentencing in 2005, and again in 2007, the Court fully considered the effects of the disparity. After all, the problems with disproportionately harsh crack sentences under the Guidelines have been well-known for years. The Commission's longstanding critique of the crack-powder disparity persuaded Congress to pass the Amendment in 2007. The same critique provided the context for Kimbrough and Spears, which abrogated the rationale for the First Circuit's remand of this case in 2006. But these recent developments are of no consequence for Defendant. The Court has already acted on its own initiative to redress the crack-powder disparity as it pertained to his sentence, pursuant to Booker, and in so doing fully considered the pending Amendment that was subsequently enacted.

If the Court believed that the disparity warranted an even lower sentence, it would have granted one in 2007. It did not, because of the facts discussed above: Defendant's significant role

8

as a drug dealer, his prior convictions, and his violent attempt to escape arrest. Therefore, to the extent that Defendant's motion seeks reconsideration of his sentence in light of the Amendment, and asks the Court for yet another re-do under Booker, there is no authority for this Court to act, even if it wanted to. In any event, to the extent that the Court might have such authority, in its discretion, the Court sees no reason now to lower Defendant's sentence any further, notwithstanding the Amendment.

Second, and more importantly, at 180 months, Defendant's sentence already falls below the new minimum Guideline range under the Amendment, which is 188 months. He is therefore **not** eligible for relief under § 3582(c)(2). The statute allows a court to lower a sentence if doing so would be "consistent with applicable policy statements issued by the . . . Commission." § 3582(c)(2). Because § 3582(c)(2) incorporates policy statements in the Guidelines by reference, those statements constrain courts' discretion in deciding retroactive sentence reduction motions. See United States v. Fanfan, 558 F.3d 105, 108-09 (1st Cir. 2009).

With one exception not applicable here, the Commission's policies forbid retroactive sentence reductions below "the minimum of the amended [G]uideline[s] range" for a sentence. U.S.S.G. § 1B1.10(b)(2)(A). Consequently, the low end of the new Guidelines range serves as a floor for § 3582(c)(2) motions. In other words, if the amended range for a defendant's sentence is 18-24 months'

imprisonment, a court cannot retroactively impose a sentence beneath 18 months, using § 3582(c)(2) as a vehicle.[2]

In this case, the Court could not lower Defendant's 180-month sentence without dropping further below the new floor of 188 months. Retroactive reduction is thus inappropriate under the statute. See Fanfan, 558 F.3d at 108-09 (holding that a sentence could not be retroactively reduced below the amended minimum because "the statute only authorizes . . . an adjusted sentence within the new guideline range" in light of § 1B1.10(b)(2)(A)).

---

[2] The exception appears in § 1B1.10(b)(2)(B) of the Guidelines, which provides:

> Exception.—If the original term of imprisonment imposed was less than the term of imprisonment provided by the guideline range applicable to the defendant at the time of sentencing, a reduction comparably less than the amended guideline range . . . may be appropriate. However, if the original term of imprisonment constituted a non-guideline sentence determined pursuant to 18 U.S.C. § 3553(a) and [Booker], a further reduction generally would not be appropriate.

U.S.S.G. § 1B1.10(b)(2)(B). Thus, where a sentencing court departed downward from the original Guidelines minimum, further reduction may be appropriate. "This provision applies most often to cases in which" the government files a substantial assistance motion pursuant to "Guidelines § 5K1.1[,] 18 U.S.C. § 3553(e) or Fed. R. Crim. P. 35(b) (or all three)." United States v. Easterling, 554 F. Supp. 2d 1299, 1301 (N.D. Fla. 2008). This is clearly not the case for Defendant. Rather, Defendant's sentence falls into the caveat to the exception in § 1B1.10(b)(2)(B): for non-Guidelines sentences — those for which the sentencing court went below the original Guidelines pursuant to Booker — further reduction is unwarranted. At Defendant's May 2007 sentencing, the Court expressly invoked its authority under Booker to disregard the Guidelines.

10

## CONCLUSION

The discussion above sets forth the reasons for denying Defendant's motion. Where the Court had already used its discretion to vary from the Guidelines because of the crack-powder disparity, it would be without authority to reduce Defendant's sentence further because of Guidelines changes designed to correct the same problem. If it had such authority, such an action would be inappropriate in the Court's view, for the reasons state above. Moreover, because Defendant's sentence is already below the bottom of the Guideline range under the Amendment, to go lower clearly would be an inappropriate application of § 3582(c)(2) and the Guidelines. For the foregoing reasons, Defendant's motion is DENIED.

IT IS SO ORDERED.

_/s/ William E. Smith_
William E. Smith
United States District Judge
Date: 12/22/09

11